IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK IV ENTERPRISES, et al. | ) )  ) NO. 3-15-0021 |
| v. | ) JUDGE CAMPBELL )  |
| BANK OF AMERICA, N.A. and SUSAN BENNETT | ) ) |

MEMORANDUM

Pending before the Court is Plaintiffs' Motion to Remand (Docket No. 12). For the reasons stated herein, Plaintiffs' Motion is GRANTED, and this case is remanded to the Davidson County Chancery Court.

FACTS

Plaintiff filed this action in the Chancery Court for Davidson County, Tennessee, alleging state law causes of action against Defendants Bank of America ("BOA") and Susan Bennett. BOA removed that action to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. BOA contends that Plaintiffs are citizens of Tennessee; BOA is a citizen of North Carolina; and Bennett, a citizen of Tennessee, was fraudulently joined in this action.

Defendant maintains that Defendant Bennett was fraudulently joined in that there is no colorable basis for a claim against her because of the applicable statutes of limitations. Plaintiff argues that Defendant Bennett is not fraudulently joined and Defendant BOA's removal was improper in that there is no legal basis for jurisdiction in this Court.

REMOVAL

Federal law provides that any civil action brought in state court, of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the federal court.

28 U.S.C. § 1441(a). If, at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

Here, the alleged basis of subject matter jurisdiction is diversity of citizenship, pursuant to 28 U.S.C. § 1332(a), which provides that this Court has original jurisdiction over civil actions in which the matter in controversy exceeds the sum of $75,000 and the dispute is between citizens of different states. If Defendant Bennett is included as a party Defendant, diversity jurisdiction is destroyed. Thus, the issue before the Court is whether Defendant Bennett was fraudulently joined in order to defeat diversity jurisdiction.

FRAUDULENT JOINDER

The burden to establish federal jurisdiction is upon Defendant BOA as the removing party. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). In addition, the removing party bears the burden of demonstrating fraudulent joinder. *Id*. Removal statutes are to be strictly construed. *Id*.

Fraudulent joinder is a judicially-created doctrine that provides a limited exception to the requirement of complete diversity. *Jackson v. Cooper Tire & Rubber Co.*, 2014 WL 5488790 at * 2 (M.D. Tenn. Oct. 29, 2014). Under this doctrine, the citizenship of a defendant who has been fraudulently joined should be disregarded when determining whether a federal court has diversity jurisdiction. *Id*.

To prove fraudulent joinder, the removing party must present sufficient evidence that the plaintiff could not have established a cause of action against the non-diverse defendant under state law. *Hagen v. U-Haul Co. of Tennessee,* 613 F.Supp.2d 986, 989 (W.D. Tenn. 2009). There can be no fraudulent joinder unless it is clear that there can be no recovery under state law on the cause

alleged or on the facts in view of the law. *Id*. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then remanding the case to state court is appropriate. *Id*.

Any disputed questions, facts and ambiguities in the controlling state law should be resolved in favor of the non-removing party. *Hagen*, 613 F.Supp.2d at 990. All doubts as to the propriety of removal are resolved in favor of remand. *Id*. A plaintiff's motive in joining a non-diverse defendant is immaterial to determining whether joinder was fraudulent. *Id*.

BOA asserts that the statutes of limitations have run on all Plaintiffs' state law claims against Defendant Bennett. The Complaint reveals the following claims alleged against Defendant Bennett: fraud, civil conspiracy, and identity theft. The Complaint alleges that Defendant Bennett deposited numerous checks made payable from Plaintiffs to third-party vendors into her own personal account with BOA. The Complaint alleges a complicated scheme to defraud Plaintiffs and avers that BOA aided and abetted Bennett's conversion of Plaintiffs' funds, her fraud and her identity theft. The Complaint also alleges civil conspiracy against both Defendants.

As stated above, the Court's inquiry on this Motion is to determine, viewing all evidence in the light most favorable to the Plaintiffs, whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. The Court's assessment is a threshold jurisdictional inquiry to determine whether there is a "colorable" cause of action under state law against the non-diverse defendant, not a test to determine the sufficiency of the allegations under a particular pleading standard. *Jackson,* 2014 WL 5488790 at * 4. The fraudulent joinder standard is difficult for a defendant to meet: unless a court concludes that there is not even a "colorable"

3

claim against the non-diverse party, the court would not have jurisdiction to even address a Rule 12(b)(6) standard motion under federal law. *Id*.

Viewing the Complaint in the light most favorable to Plaintiffs, the Court finds that it is not clear that there can be no recovery under state law on the causes alleged against Defendant Bennett or on the facts in view of the law. Defendant's statute of limitation arguments are persuasive only to a point. The allegations of Plaintiffs are sufficient to encompass continuing actions or inactions of Bennett which could fall within the applicable statutes of limitations. Moreover, the allegations are sufficient to relate to Plaintiffs' allegations about BOA's involvement.

Should Defendant Bennett believe Plaintiffs' allegations are insufficient to state a claim against her, she may file an appropriate motion with the state court. Likewise, should BOA believe the claims against it should be dismissed, it too may file such an appropriate motion with the state court. As explained above, this Court's review of the Motion to Remand is based upon a different standard, not the motion to dismiss standard, state or federal.

## CONCLUSION

Accordingly, Plaintiffs' Motion to Remand is GRANTED, and this case is remanded to the Chancery Court for Davidson County, Tennessee.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE